UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William V. Koczara,

      Plaintiff,

v.                                                              Case No. 10-14065

IndyMac Bank, FSB, *et al.*,                        Honorable Sean F. Cox

      Defendants.

_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

In this action, Plaintiff asserted several claims against Defendants related to his residential mortgage. Only two counts remain before this Court. The matter is currently before the Court on Defendants' Motion to Dismiss, brought pursuant to FED. R. CIV. P. 12(b)(6), seeking to dismiss both remaining counts. Oral argument was heard on January 27, 2011. For the reasons set forth below, the Court shall GRANT the motion.

BACKGROUND

Plaintiff William V. Koczara ("Plaintiff") filed this action in Wayne County Circuit Court alleging the following claims: "Fraudulent Misrepresentations" (Count I); "Violation of Mortgage Brokers, Lenders, and Servicer Licensing Act" (Count II); "Breach of Contract" (Count III); Violation of "RESPA" and Truth in Lending Act (Count IV); "Violation of 15 USC 1639" (Count V); "Quiet Title" (Count VI); "Violation of MCL 600.3204 et seq." (Count VII); and "Injunctive Relief" (Count VIII).

Defendants removed the action to this Court, asserting federal question jurisdiction. In

1

an Order entered on October 14, 2010, this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and remanded those claims. (Docket Entry No. 2). Thus, only Counts IV and V remain in this action.

Plaintiff's claims are based upon his residential mortgage. On January 27, 2004, Plaintiff closed on the mortgage at issue. (*See* Compl. at ¶ 7; Ex. 1 to Def.'s Br.).

In Count IV, Plaintiff asserts violations of the Real Estate Settlement Procedures Act ("RESPA") and violations of the Truth in Lending Act ("TILA"). Count IV alleges that Defendant "failed to give Plaintiff required disclosures and imposed charges, fees and costs," in violation of these acts. (Compl. at 6).

In Count V, Plaintiff asserts violations of the Home Ownership and Equity Protection Act ("HOEPA"). Plaintiff alleges that Defendant violated HOEPA by: 1) "extending credit to Plaintiff without regard to his ability to repay the debt," in violation of 15 U.S.C. § 1639(h); and 2) by locking Plaintiff into a negative amortization loan, in violation of 15 U.S.C. § 1639(f). (Compl. at 7).

On October 26, 2010, Defendant filed the instant motion to dismiss, brought pursuant to FED. R. CIV. P. 12(b)(6).

ANALYSIS

1.   Are Plaintiff's TILA & HOEPA Claims Barred By The Applicable Statute Of Limitations?

Claims for damages under TILA or HOEPA must brought "within one year from the date of the occurrence of the violation " 15 U.S.C. § 1640(e). Thus, a one-year period of limitations generally applies.

That one-year period, however, is subject to equitable tolling under limited

2

circumstances. *Jones v. Transohio Savings Assoc.*, 747 F.2d 1037, 1041 (6th Cir. 1984). Under

the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where

the plaintiff alleges and establishes: 1) defendant concealed the conduct that constitutes the cause

of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action

within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying

to find out about the cause of action. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 422 (6th

Cir. 2009). Where the doctrine of fraudulent concealment is applied "the one year period will

begin to run when the borrower discovers or had reasonable opportunity to discover the fraud

involving the complained of TILA violation." *Jones,* 747 F.2d at 1041.

The Federal Rules of Civil Procedure require that the acts constituting fraudulent

concealment of a claim be pled in the complaint and that such facts be pleaded with particularity

under FED. R. CIV. P. 9(b). *Harvey v. Ameriquest Mort. Co.*, 2010 WL 4386976 (E.D. Mich.

Duggan, J.).

Defendants note that Plaintiff's closing was on January 27, 2004, and that Plaintiff did

not file this action until September 2010 – **more than six years later**. Thus, his TILA and

HOEPA claims for damages would be time-barred.

Moreover, Defendants contend that to the extent Plaintiff seeks to rescind the transaction

under 15 U.S.C. § 1635, that claim would also be time-barred because a right to rescind must be

exercised within three years of the date of the transaction. 15 U.S.C. § 1635(f). In addition, the

right to rescind under § 1635 does not apply to a residential mortgage transaction. *See* 15 U.S.C.

§ 1635(e)(1); *Harvey, supra.*

Defendants note that Plaintiff's complaint asserts that he is entitled to equitable tolling,

3

but they contend that Plaintiff is not entitled to equitable tolling because "Plaintiff has failed to plead or indicate how Defendants took affirmative steps to conceal the alleged violations or how Plaintiff exercised due diligence to discover his cause of action." (Def.'s Motion at 17).

The Court agrees. Plaintiff's complaint simply asserts that Plaintiff is entitled to equitable tolling because his "Loan intentionally violates state and federal laws." (*See* Compl. at ¶ 19). Like the plaintiff in *Harvey*, Plaintiff's complaint does not set forth facts establishing fraudulent concealment.[1]

Plaintiff's response brief, however, appears to assert an entirely different basis for asserting that his claim is timely. Plaintiff appears to assert that there is no statute of limitation that applies to a wilful violation of the Act:

> The statute of limitations applicable to the instant matter is 12 CFR 1089 & 130, which provides that there is no limit on wilful violations of RESPA or TILA intended to mislead consumer.

(Pl.'s Br. at 3). Plaintiff's brief does not cite to a single case to support this assertion. In addition, Plaintiff's brief does not attach either cited C.F.R. section and the Court has been unable to locate them, by the cites provided or otherwise.

At the January 27, 2011 hearing, Defense Counsel also indicated that she could not locate the C.F.R. Sections that Plaintiff referenced in his brief. Accordingly, the Court asked Plaintiff to provide those C.F.R. Sections, and any cases that support his assertion that there is no statute of limitations that applies to a wilful violation of the Act. Plaintiff's counsel responded that he did not have the materials with him at the hearing, but that he would provide them to the Court

---

[1]In addition, unlike the *pro se* plaintiff in *Harvey*, the plaintiff in this case is represented by counsel.

4

the following day.

On January 28, 2011, Plaintiff filed additional materials with the Court.  (Docket Entry No. 9).  The materials provided, however, do not include the C.F.R. Sections that Plaintiff referenced, or any cases supporting Plaintiff's position.[2]

Accordingly, Plaintiff has provided no authority to support his assertion and the Court concludes that Plaintiff's TILA and HOEPA claims are time-barred.

That leaves only the alleged RESPA violations in Count IV.

2.      Do Plaintiff's Alleged RESPA Violations Provide For A Private Cause Of Action?

Again, in Count IV, Plaintiff alleges that Defendant violated RESPA by failing "to give Plaintiff required disclosures and imposed charges, fees and costs."  (Compl. at 6).  Plaintiff's complaint does not identify the specific section of RESPA that he alleges Defendant violates. The complaint does assert, however, that Defendant failed to provide Plaintiff the proper disclosures required by "RESPA §§ CFR 3500.6, 24 CRF 3500.6(a), 24 CFR 3500.7, and Regulation Z."  (Compl. at ¶ 9).

24 C.F.R. 3500.6 relates to the provision of an information booklet at the time of a loan application, while C.F.R. 3500.7 relates to the provision of a good faith estimate after a loan application.  Thus, by all accounts, Plaintiff's RESPA claim is based upon the assertion that Defendant failed to comply with 12 U.S.C. § 2604, which requires lenders to provide borrowers with an informational booklet and good faith estimate of the specific anticipated charges a

---

[2]Rather, Plaintiff's Counsel filed the following, without directing the Court to any specific portion of these documents: 1) a 137 page handbook from the Comptroller of the Currency Administrator of National Banks from October 2008; and 2) a 30-page law review article.

borrower is likely to incur.  Courts within the Sixth Circuit, however, including the Eastern

District of Michigan, have held that no private right of action exists under that provision. *See,*

*e.g. Marshall-Ford v. Wells Fargo Mortgage*, WL 2009 2849524 (E.D. Mich., Rosen, J.); *Price*

*v. Equifirst Corp.*, 2009 WL 917950 N.D. Ohio); *Carr v. Home Tech Co, Inc.*, 476 F. Supp.2d

859, 869 (W.D. Tenn. 2007); *see also Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th

Cir. 1997).

 Moreover, even if Plaintiff had a right of action under RESPA based on the alleged

violations, "any such claim presumably would be barred by RESPA's three-year statute of

limitations."  *Marshall-Ford, supra*, at * 3.

 Accordingly, the Court shall dismiss Plaintiff's RESPA claim.

CONCLUSION & ORDER

 For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is

GRANTED and Plaintiff's remaining claims in this action are DISMISSED.

 IT IS SO ORDERED.

S/Sean F. Cox_____<br>
Sean F. Cox<br>
United States District Judge

Dated:  February 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 3, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez_____<br>
Case Manager